UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELSEY MARKEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-02517** |
| **WYNDHAM VACATION OWNERSHIP, INC.,** | **SECTION: "L" (4)** |

**ORDER**

Before the Court is Defendant's **Motion to Fix Attorneys' Fees (R. Doc. 31).** The motion was not opposed. The motion was heard on brief.

**I.     Factual Summary**

   **A.   The Complaint**

On September 15, 2020, Plaintiff Kelsey Markey (hereinafter "Markey"), formerly a commissioned salesperson employed by the Defendant, Wyndham Vacation Ownership, Inc., (hereinafter "Wyndham"), filed suit contending that she was subject to gender discrimination and retaliation. Rec. Doc. 1. She alleges that her manager, Robert Allen, ("Allen") made inappropriate remarks about her breasts and physical appearance and referred to her as "hot momma" in front of clients. Rec. Doc. 1, p. 2. Markey alleges that she rebuffed Allen but despite this fact he followed her into the bathroom, locked the door, and sexually assaulted her. *Id*.

Thereafter, Markey complained to Wyndham and requested an immediate transfer. *Id*. Instead of approving her request, Markey contends that she was written up for fabricating other incidents and was subject to other acts of retaliation. *Id*. Markey thereafter filed the subject lawsuit.

   **B.   The Motion**

This motion arises as a result of the granting of a Motion to Compel, for the Plaintiffs failure to fully answer various Interrogatories and Requests for Production of Documents. Rec.

Doc. 22. The Court found that the Plaintiff was owed responses an issued an order on July 22, 2021 compelling Plaintiff to produce updated discovery responses and executed authorization forms to Defendant. Rec. Doc. 25. The order set a deadline of August 5, 2021 for Plaintiff to comply and she failed to do so. Defendant notes that it may be forced to seek additional relief from the Court however, in compliance with the original order on the Motion to Compel, they have filed this motion seeking their attorney's fees. Rec. Doc. 31-1, p. 2. Defendant moves the Court to fix fees and costs against the Plaintiff in the amount of $1,609.20.

## II.      **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

    **A.   Reasonableness of the Hourly Rates**

Defendant seeks to recover the attorney's fees for work performed by lead defense counsel Ms. Monique Doucette (hereinafter "Doucette") and Ms. Ellen Rains' (hereinafter "Rains") on the Motion to Compel. The rate billed to the client was $405.00 per hour for Doucette and $378.00 per hour for Rains.

The Plaintiff has not filed a response to the motion.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Doucette has attached an affidavit indicating that she has been admitted to practice in the State of Louisiana and before the United States District Court for the Eastern District of Louisiana.

3

She is a 2002 graduate of Tulane Law School and the lead attorney on the matter with 19 years of experience. She attests that her standard hourly rate is $405.00 per hour. Doucette also attests that Rains, the associate attorney on the matter, is licensed to practice in Louisiana, Alabama and Texas. Rec. Doc. 31-2. According to Doucette, Rains is a 2012 graduate of University of Virginia Law School with experience in insurance, commercial litigation, and bankruptcy. Raines standard hourly rate is $378.00 *Id*.

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the Court should consider this rate when fixing the hourly rate to be allowed. When the customary billing rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328. In this case the rate is not contested and is therefore *prima facie* reasonable.

### B. Determining the Reasonable Hours Expended

Defendants counsel seek compensation for four point two hours (4.2) hours of work on the motion. Counsel submitted the contemporaneous billing records for the Court's review. The records indicate that Doucette billed .8 hours for strategy regarding filing motion and supplemental discovery. Rec. Doc. 31-2, entry dated 06/29/2021. Raines billed a total of 3.4 hours for communicating with Plaintiff's counsel and drafting the motion and supporting memorandum. *Id*. The Motion to Compel was two pages and the memorandum in support was seven pages with multiple exhibits. *See* Rec. Doc. 22. The Court finds that these hours are reasonable and therefore awards $,1609.20 in attorneys fees.

### C. Johnson Factors

As indicated above, after the lodestar is determined, the Court may then adjust the

lodestar upward or downward depending on the twelve factors set forth in *Johnson*. 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). After considering the *Johnson factors*, the Court finds no adjustment of lodestar is warranted.

Accordingly,

## IV.   Conclusion

**IT IS ORDERED** that **Defendant's Motion for Attorney's Fees (Rec. Doc. 31)** is **GRANTED** and that the Defendant is awarded reasonable attorney's fees in the amount of **$1, 609.20**

**IT IS FURTHER ORDERED** that Plaintiff and her counsel shall satisfy their obligation to the Defendant **no later than twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 21st day of October 2021.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**