UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELSEY MARKEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2517** |
| **WYNDHAM VACATIONS OWNERSHIP, INC.** | **SECTION "L" (4)** |

ORDER AND REASONS

Before the Court is Defendant Wyndham Vacation Ownership, Inc.'s ("Wyndham's" or "Defendant's") Motion to Strike Plaintiff's Witness and Exhibit List. R. Doc. 30. Plaintiff Kelsey Markey has filed a response, R. Doc. 32, and, with leave of the Court, R. Doc. 34, Wyndham has filed a reply. R. Doc. Doc. 35. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.     BACKGROUND

This case concerns an employment discrimination and retaliation suit under Title VII of the Civil Rights Act of 1964 and Louisiana state employment protections filed by Kelsey Markey, a former Sales Representative at Wyndham, against her previous employer. Markey's pleading alleges that her supervisor, Robert Allen, subjected her to sexually harassing comments and sexually assaulted her. R. Doc. 1 at 2-3. After reporting the sexual misconduct to Human Resources (HR) and requesting to be transferred outside of Allen's authority, Markey alleges that Allen retaliated against her in order to induce her to involuntarily resign. *Id.* at 3. Allen allegedly "wr[o]te up" Markey for insubordination and removed her from her sales role, assigning her instead to duty in a less desirable position and thereby causing Markey to lose almost all her income. *Id.* Eventually, Markey refused to return to work. *Id.* at 4. Wyndham responded by firing her for being

a "no-call, no show." *Id.* Plaintiff then filed a petition in state court, and Wyndham removed the action to federal court.

In its present motion, Wyndham seeks to strike Markey's witness and exhibit list and prevent Plaintiff from presenting testimony from her witnesses and entering her exhibits into evidence because the list was untimely filed. R. Doc. 30-1 at 1, 5. The deadline set forth in the Scheduling Order for parties to file into the record and serve upon opponents a list of all witnesses who may be called to testify at trial and all exhibits which may be used at trial was July 12, 2021. R. Doc. 13. But Markey's counsel did not file her witness and exhibit list until August 3, 2021. R. Doc. 29. Markey was thus 23 days tardy in filing her witness and exhibit list.[1]

Although the parties filed a joint motion on July 21, 2021 to hold a status conference to request new pre-trial and trial dates, R. Doc. 24, Markey's counsel never specifically requested an extension of time to file the witness and exhibit list in the joint motion or during the subsequent July 27, 2021, status conference. Notably, the amended Scheduling Order issued by the Court on August 2, 2021, R. Doc. 28, which, *inter alia*, continued trial until January 5, 2022 did not reset the witness and exhibit list deadlines.

Both the original and amended Scheduling Orders provide that "The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown." R. Doc. 13 at 2; R. Doc. 28 at 1. Markey's counsel has not filed a motion explaining why good cause exists to excuse his noncompliance with the Scheduling Order.

---

[1] The Court observes that Plaintiff's counsel failed to advise the Court of his noncompliance with the Court's deadline. Wyndham insinuates that this failing was intentional, done "in the hopes that no would notice" Plaintiff's tardiness. R. Doc. 30-1 at 3. Without more, the Court will not assume bad faith on the part of Plaintiff's counsel. Counsel is admonished in the future to notify the Court if he should fail to meet his obligations to the Court.

Wyndham argues that the belated filing of the witness and exhibit list "is not harmless, but instead is a part of a pattern and practice of untimeliness on the part of Plaintiff's counsel in this case." R. Doc. 30-1 at 4. In support, Wyndham avers that, despite the Court's July 22, 2021 Order compelling Plaintiff to produce certain discovery and execute release authorizations by August 5, 2021, R. Doc. 25, Plaintiff has yet to do so. *Id.* at 4. The failures of Plaintiff's counsel to abide by Court-ordered deadlines, Wyndham asserts, have "created unnecessary delay and expense." *Id.* at 5.

In response, Markey's counsel states that he is seventy-four years old and recently was diagnosed with atrial fibrillation. R. Doc. 32 at 2. Counsel underwent a first stent procedure in June 2021, which necessitated a two-day hospital stay and a week of severely reduced activity. He had a second stent procedure in July 2021. *Id.* at 2-3. Counsel notes that his health condition does not excuse his failure to request an extension of deadlines for filing his exhibit and witness list but that it does explain "why the lapse occurred." *Id.* at 5. Further, counsel points out that severe prejudice to his client would result from striking the witness and exhibit list because, without any witnesses or exhibits, Plaintiff cannot possibly prevail. *Id.* at 5. Last, counsel observes that the "extreme sanction[]" Wyndham requests is reserved for "gross and repeated violations" of court orders. *Id.*

In reply, Wyndham asserts that Plaintiff has not shown good cause for the untimely filing of her witness and exhibit list and reiterates its argument that Plaintiff's delay is "not harmless." R. Doc. 35 at 2.

## II.   LAW AND ANALYSIS

Under Federal Rule of Evidence 26(a), litigants must produce to the other parties and file with the Court information pertaining to the identity of each witness they intend to or may call and

3

identify all exhibits they intend to introduce. FED. R. EVID. 26(a)(3)(A). The Court's Scheduling Order may govern when parties are to make these disclosures. *See* FED. R. EVID. 16(a); FED. R. EVID. 26(a)(3)(B). In this case, Plaintiff's counsel concedes that he failed to comply with the Court's Scheduling Order as it relates to the deadline for filing the witness and exhibit list. R. Doc. 32 at 4.[2]

If a party fails to "provide information or identify a witness as required by Rule 26(a)," they are prohibited from "us[ing] that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. EVID. 37(c)(1). The Fifth Circuit analyzes four factors to determine whether a violation of Rule 26 is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Here, each factor weighs in favor of finding Plaintiff's violation harmless and therefore denying Defendant's motion. First, it goes without saying that prohibiting Plaintiff from calling the witnesses on her list—including herself—and from entering the exhibits on that list will substantially disable Plaintiff from prosecuting her case. Indeed, it is unclear how Plaintiff could possibly prevail on any claim without the witnesses and exhibits included in the list Defendant seeks to strike. In short, this proposed evidence is crucial to Plaintiff's case and excluding it would be tantamount to the severe sanction of striking her pleading or dismissing her case with prejudice.

---

[2] Wyndham's filings refer to Plaintiff's failure to "file" the witness and exhibit list but do not expressly mention a failure by Plaintiff to provide Wyndham itself with the list. *E.g.*, R. Doc. 30-1 at 2. Nonetheless, Federal Rule of Evidence 26(a) and this Court's Scheduling Order require Plaintiff to "file" her witness and exhibit list in addition to producing this discovery directly to Defendant. R. Doc. 13 at 2. Plaintiff, moreover, appears to acknowledge that she was untimely in providing Wyndham with the witness and exhibit list. R. Doc. 32 at 5.

4

Second, Wyndham has not shown prejudice from permitting Plaintiff to use the witnesses and exhibits described in its belated list. Wyndham asserts that Plaintiff has engaged in a "pattern and practice" of tardy conduct in this case, citing one other instance in which Defendant allegedly failed to timely comply with a different order.[3] R. Doc. 30-1 at 4. These two total instances of delay—troubling though they are—do not show that Wyndham has been stymied from mounting a defense. Significantly, Wyndham does not assert that its ability to defend itself has been or will be impaired. This is understandable given that the witness and exhibit list are relatively short, underscoring what this Court earlier stated in its amended Scheduling Order: "This case does not involve extensive documentary evidence, depositions or other discovery." R. Doc. 28 at 2. Indeed, Plaintiff lists only 6 exhibits, comprising Bates numbers 1-113. R. Doc. 29 at 2. And the witness list names just 4 people and "[a]ny witness identified by any other party or witness." *Id.* at 1-2. In general, the witnesses listed should not surprise Wyndham. One witness is Plaintiff herself, an obviously foreseeable witness. So, too, is HR manager Michael Meeks, whom Plaintiff alleges she informed of the harassment and, according to Plaintiff, continues to be employed by Wyndham. R. Doc. 1 at 3. A third witness, Amjed Jabber, was a former team manager at Wyndham who was expressly mentioned in the two-and-one quarter pages of factual allegations contained in Plaintiff's pleading. Only one witness specified in the list, Alizandra Hilton, is not named in the petition. Moreover, Wyndham has not detailed the impact of the delay or the additional expense occasioned by Plaintiff's delay. In short, although Plaintiff's twenty-three-day delay in filing its witness and

---

[3] That Order, entered by the Magistrate Judge, required Plaintiff to "provide full and complete responses to discovery and execute the document release authorizations" within fourteen days of July 21, 2021. R. Doc. 25. Wyndham asserts that, as of the filing of its motion, Plaintiff still has yet to comply with that Order and further maintains that it "may seek additional relief" related to this order. R. Doc. 30-1 at 4. Presently, no motion respecting this issue before the Court. But the Court admonishes Plaintiff's counsel to comply with all orders in this case.

exhibit list is regrettable, the Court does not find that Wyndham would be prejudiced by permitting Plaintiff to offer the witnesses and exhibits contained in the challenged list.

Third, to the extent that Wyndham may need additional time to prepare for the witnesses and exhibits contained in Plaintiff's list, it could request a continuance to ensure adequate time to formulate its defense. Last, the representation by Plaintiff's counsel that he was diagnosed with a serious heart condition and underwent two stent procedures shortly before the witness and exhibit list was due constitutes an understandable reason for the delay. Plaintiff's counsel correctly acknowledges, however, that his condition does not excuse his failure to timely disclose this discovery. As Wyndham suggests, Plaintiff's counsel could have—indeed, should have—conferred with Wyndham regarding his condition and requested additional time from the Court via written motion or during the July 27, 2021 status conference. R. Doc. 35 at 2. Either prophylactic measure would have obviated the instant motion, saving the parties and the Court valuable time. Nevertheless, the Court recognizes counsel's clear need to attend to unforeseen and pressing health matters and the delays in this litigation that resulted.

In sum, all four factors militate in favor of finding that Plaintiff's Rule 26 violation was harmless and thus withholding the strong medicine of striking all of Plaintiff's evidence. *See Texas A&M Rsch. Found.*, 338 F. 3d at 402. For the reasons discussed above, Plaintiff has demonstrated good cause exists to permit her to use the witnesses and exhibits described in the list. The Court is aware that its Scheduling Order requires the noncompliant party to file a motion demonstrating good cause. Ordinarily, the Court demands strict adherence to this requirement. In this case, however, forcing Plaintiff to file such a motion and then requiring the Court to review the motion and any response and then rule on that motion would needlessly drain the finite resources of the parties and this Court. Accordingly, the Court exempts the Plaintiff in this particular instance from

filing a good-cause motion and determines that Plaintiff's witness and exhibit list will not be stricken and that Plaintiff is not prohibited from introducing the evidence referenced in that list.

### III. CONCLUSION

The Court regrets to hear that Plaintiff's counsel—or anyone before the Court—is grappling with health issues and appreciates counsel's expression of contrition for not meeting the Court's deadline for filing the witness and exhibit list. At the same time, the Court takes seriously violations of its orders, including the deadlines in its Scheduling Order. These time limits serve an essential purpose: they ensure that cases proceed expeditiously. Failure to abide by the Scheduling Order is disruptive to opposing counsel, the Court, and the fair administration of justice. Counsel is admonished to request a continuance should similar issues arise in the future.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Witness and Exhibit List, R. Doc. 30, is **DENIED.**

New Orleans, Louisiana on this 28th day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE